# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ELIONEY COBAS**
A094-932-588
2012FOIA15247; OPLA13-713

CIVIL ACTION NO. _____

**VS.**

**ERIC HOLDER, ATTORNEY GENERAL**
**UNITED STATES DEPARTMENT OF JUSTICE;**

**JANET NAPOLITANO, SECRETARY**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**

### PETITIONER'S COMPLAINT UNDER 5 U.S.C.§ 552

NOW INTO COURT comes Petitioner, by and through undersigned counsel, and does

hereby allege and aver as follows:

### STATEMENT OF FACTS

Petitioner is a Cuban national who sought refugee status in the United States. Pursuant to

Section 1 of the Cuban Adjustment Act contained at 8 U.S.C. §1255, Petitioner is eligible to

adjust his status to that of a lawful permanent resident one year after being admitted or paroled

into the United States. Petitioner was paroled into the United States on May 16, 2007. Petitioner

thereafter filed an application to adjust status to that of a lawful permanent resident on August

21, 2008.

Petitioner was denied adjustment of status. According to United States Citizenship and

Immigration Service ("USCIS"), Petitioner has an active warrant that is outstanding against him

which was issued by Cuba to INTERPOL. (See Exhibit A – Copy of Denial Decision of

Petitioner's I-485 Application). Thereafter, Petitioner was placed into removal proceedings.

Case 3:13-cv-00361-SDD-RLB   Document 1   06/05/13   Page 1 of 22

Petitioner tried to renew his adjustment of status application in front of the immigration court, but his request was denied for lack of jurisdiction. It was during this process that one of the attorneys from the office of the undersigned spoke to FBI Agent Steve Rice on more than one occasion and was informed on each occasion that the INTERPOL warrant was cancelled by Havana, Cuba in June 2010. FBI Agent Rice informed Attorney Jaesa McLin on January 31, 2011 that Havana, Cuba had cancelled the INTERPOL warrant but that nothing could be given to her in writing stating the same. FBI Agent Rice assured her that Department of Homeland Security ("DHS") records should reflect that the warrant had been cancelled. (See Exhibit B – Affidavit of Jaesa McLin). Upon inquiring with the Office of the Chief Counsel for DHS, Attorney Jaesa McLin was informed that DHS showed that the warrant was still active. Attorney Jaesa McLin again inquired to FBI Agent Steve Rice to double check the matter, and he assured her that the warrant was recalled and was no longer active as of June 2010.

Petitioner filed a request for information under the Freedom of Information Act ("FOIA") to determine if the INTERPOL warrant was in fact still active or if it had been recalled. Upon receipt of the FOIA documents, the box indicating the status of the INTERPOL warrant had been redacted. Petitioner filed an appeal of the FOIA records denial requesting that only the information concerning the status of the warrant be disclosed and stating therein why such information was requested.

On April 7, 2013, the office of the undersigned received the decision of the U.S. Department of Homeland Security confirming the prior decision of INTERPOL/U.S. National Central Bureau declining to disclose the status of the warrant pursuant to 5 U.S.C. § 552(b)(7)(E). The denial decision states that the information is being withheld to "protect from disclosure investigative techniques and procedures."

2

## STATEMENT OF LAW

The Freedom of Information Act, 5 U.S.C. § 552(a), provides that "[e]ach agency shall make available to the public" records in its possession unless the information is covered by one of Section 552(b)'s nine statutory exemptions. As relevant here, FOIA Exemption B shields from disclosure records that "could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source. *See* 5 U.S.C. § 552(b)(7)(D).

## ARGUMENT

Petitioner asserts that the stated law enforcement purpose for withholding the status of the INTERPOL warrant is arbitrary and capricious as applied to Petitioner. Petitioner knows that an INTERPOL warrant was issued for his arrest by Cuba as he was informed of this by USCIS at an adjustment of status interview. He has not absconded from apprehension and at all times has alerted DHS to his current address. In fact, DHS has granted him employment authorization in the United States and Petitioner has dutifully complied with all biometrics appointments relevant to the same and currently maintains his employment authorization. Petitioner's adjustment of status application was denied because of the allegedly outstanding INTERPOL warrant. Petitioner stated in his interview that he was wrongly accused. The fact that an FBI Agent was able to call up Petitioner's information and inform an attorney from the office of the undersigned that the warrant was cancelled is pertinent information to Petitioner's immigration case.

3

The release of the status of the warrant would in no way disclose the identity of a confidential source. Petitioner is requesting that only one box that was redacted be revealed. (See Exhibit C – Copy of TECS II Person Subject Display). The box that lies next to the word "STATUS" was redacted with the letters "(b)(7)d." Furthermore, none of ICE/DHS responses to this request for information indicate that they used 7(D) as a basis to deny Petitioner's request, rather, the appeal denial states that ICE utilized Privacy Act Exemptions 3, 5, 6, 7(C), and 7(E). (See Exhibit D – FOIA Denial and FOIA Appeal Denials). As the requested information was redacted pursuant to 5 U.S.C. §552(b)(7)(D), it would stand to reason that the government should include this in their denial. However, that exemption is not mentioned in any correspondence from ICE/DHS or any FOIA agency to the office of the undersigned.

The redacted box likely contains only one word, as the box is labeled "status", one would assume that the word contained in the box will state "active", or "inactive" or "cancelled." This one word can prove that the INTERPOL warrant was in fact cancelled, as Petitioner was informed through counsel by an FBI Agent. In the alternative, the box may reveal that the warrant is still active, thus reaffirming the decision of USCIS and then Petitioner will have exhausted all remedies and all avenues of relief in trying to legalize his status in the United States. The reason for failing to disclose the status of the INTERPOL warrant is not justified in this case. Failing to disclose the status of the warrant, if it indeed has been cancelled, has resulted in the Petitioner having his application for a green card denied, and receiving an order of removal by an immigration court. It should be noted that because Petitioner is a native and citizen of Cuba, removal to his home country is not possible. By law, the United States cannot and will not remove him to Cuba. Until this matter is resolved, Petitioner remains in legal limbo with no recourse to legalize his status in the United States.

4

## CONCLUSION

WHEREFORE, Petitioner prays this Court to order that the Department of Homeland Security release the status of the INTERPOL warrant to the Petitioner.

Respectfully submitted,

_____
Ivan Orihuela (LA Bar No. 23542)
RIGUER SILVA, LLC
3213 Florida Avenue
Suite C
Kenner, LA 70065
Phone: (504) 466-7507
Fax: (504) 466-7508

Attorney for Petitioner

5

# EXHIBIT "A"



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Office of Administrative Appeals*, MS 2090
Washington, DC 20529-2090

**U.S. Citizenship
and Immigration
Services**

ELIONEY COBAS
P.O. BOX 77654
BATON ROUGE, LA 70879

FILE:          A94 932 588          Office: NEW ORLEANS FIELD OFFICE          Date: **AUG 03 2009**

IN RE:          Applicant:          ELIONEY COBAS
                                    A.K.A. ELIONEY COBAS TERRY

APPLICATION:     Application for Permanent Residence Pursuant to Section 1 of the Cuban Adjustment Act
                 of November 2, 1966 (P.L. 89-732)

ON BEHALF OF APPLICANT:

CECILIA N. PEREZ
CATHOLIC CHARITIES OF BATON ROUGE
1900 SOUTH ACADIAN THRUWAY
BATON ROUGE, LA 70808

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to
the office that originally decided your case. Any further inquiry must be made to that office.

If you believe the law was inappropriately applied or you have additional information that you wish to have
considered, you may file a motion to reconsider or a motion to reopen. Please refer to 8 C.F.R. § 103.5 for
the specific requirements. All motions must be submitted to the office that originally decided your case by
filing a Form I-290B, Notice of Appeal or Motion, with a fee of $585. Any motion must be filed within 30
days of the decision that the motion seeks to reconsider, as required by 8 C.F.R. 103.5(a)(1)(i).

John F. Grissom
Acting Chief, Administrative Appeals Office

**DISCUSSION:** The application was denied by the Field Office Director, New Orleans, Louisiana, who certified his decision to the Administrative Appeals Office (AAO) for review. The director's decision will be affirmed. The application will be denied.

The applicant is a native and citizen of Cuba who filed this application for adjustment of status to that of a lawful permanent resident under section 1 of the Cuban Adjustment Act (CAA) of November 2, 1966. The CAA provides, in pertinent part:

> [T]he status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least one year, may be adjusted by the Attorney General, (now the Secretary of Homeland Security, (Secretary)), in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

A review of the record reveals the following facts and procedural history: On or about May 16, 2007, the applicant arrived at Brownsville, Texas port of entry and presented himself and a Cuban birth certificate to an officer of Customs and Border Protection (CBP). The CBP officer served a Notice to Appear (NTA) upon the applicant for a hearing before an immigration judge, and the applicant was paroled into the United States pending the outcome of his hearing. On August 21, 2008, the applicant filed the instant Form I-485, Application to Register Permanent Residence or Adjust Status, with United States Citizenship and Immigration Services (USCIS). On September 29, 2008 the applicant's case before the immigration judge was administratively closed for the applicant to pursue adjustment of status pursuant to the CAA.

During a December 16, 2008 interview with a USCIS officer, the applicant under oath indicated that he had never committed any crimes rather that he had been falsely accused. The record does not include any further information regarding the "false accusation." In a February 9, 2009 interview with a USCIS officer, the applicant under oath answered "no" when asked if he had ever knowingly committed any crime of moral turpitude or drug-related offense for which he had not been arrested and when asked if he had ever, in or outside the United States, been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations.

The field office director issued a request for further evidence (RFE) on February 23, 2009 requesting:

> Please submit certified copies of police clearances (this is a report from police officials detailing any arrests, or that you have no record of arrests) from every city where you have lived for six months or more since you came to the United States. Any claims of no record must be certified by the Clerk of Court in both the felony and misdemeanors divisions in the parish or county where you lived.

In response, the applicant submitted a police clearance from the sheriff of East Baton Rouge Parish, Louisiana for Elioney Cobos.

The field office director issued a second RFE on May 5, 2009. The RFE noted that "FAILURE TO PROVIDE REQUESTED EVIDENCE MAY RESULT IN THE DENIAL OF YOUR APPLICATION" and requested:

> Please submit certified copies of every arrest report or conviction, either in Cuba, or in the United States. The documents must contain the information or indictment, the judgment, and the sentence for every arrest or conviction. Submit copies of all probation orders along with evidence of the **completion** of sentences, including probation or alternative forms of sentencing. If any arrest or conviction was expunged, vacated, set aside, sealed or otherwise removed from your record, submit a certified copy of the court order expunging, vacating, setting aside, sealing or otherwise removing the arrest or conviction, **or** an original statement from the court that no record exists of your arrest or conviction. Any claims of no record must be certified by the Clerk of Court in both the felony and misdemeanor divisions in the parish or county of arrest.

The field office director also noted that the applicant must submit the evidence within 30 days and that failure to do so may result in the denial of the application.

In a response, received by the field office on May 13, 2009, the applicant wrote: "Hi, my name is [applicant's name.] I don't live in Cuba anymore, please I need my record from Cuba! thanks."

On May 19, 2009 the field office director rendered his decision on the Form I-485 and certified the matter to the AAO for review. The field office director noted that police and prison records are available from the Cuban Ministry of Justice and that former citizens of Cuba are considered Cubans by the Cuban Government and must apply for civil documents through Cuban diplomatic and consular missions abroad. The field office director informed the applicant that USCIS records indicate that he is considered an INTERPOL fugitive and that there is an outstanding warrant for his arrest issued by the Cuban government charging him with robbery with violence and intimidation. The field office director determined that the applicant's denial of ever knowingly committing any crime of moral turpitude for which he had not been arrested and his denial that he had not been arrested, cited, charged, indicted, fined or imprisoned for breaking or violating any law or ordinance, excluding traffic violations in or outside the United States constituted a misrepresentation of a material fact.

Section 212(a)(6)((C)(i) of the Act provides:

> Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

Based on information in the record that an international warrant had been issued for the applicant for involvement in robbery with violence and intimidation and the applicant's denials, the field office

director determined that the applicant is inadmissible and thus, that the Form I-485 must be denied pursuant to section 245(a)(2) of the Act.[1]

In response to the field office director's certification of the matter to the AAO, the applicant requested 180 days of additional time to submit a brief or statement and to have time to get responsive documents from Cuba.

The record on appeal includes a Certification of Criminal Background naming the applicant. The Certification includes the seal of the director of the Central Registry, Ministry of Justice, Republic of Cuba, certifying that the Central Registry's file does not show any criminal records for the applicant. The certification is dated June 16, 2009.

The AAO finds, however, that the applicant has not presented any statement in this matter to clarify any claim that he had been "falsely accused." The Certification of Criminal Background document does not include sufficient information to clarify the circumstances of the international warrant issued for the applicant for involvement in robbery with violence and intimidation. The AAO finds the issuance of an arrest warrant with a charge that includes violence with intimidation a significant negative factor. The applicant has not provided any information for the record that explains, acknowledges, defends, or otherwise discusses the circumstances giving rise to the international arrest warrant. In addition, the AAO finds that the applicant has not submitted a police clearance from the Baton Rouge, Louisiana that includes a search of Baton Rouge parish's records for all the names the applicant has used. Thus, the police clearance does not satisfy the regulation.

Pursuant to section 291 of the Immigration and Nationality Act, 8 U.S.C. § 1361, the burden of proof is upon the applicant to establish that he is eligible for adjustment of status. The applicant has not met his burden. Accordingly, the director's decision is affirmed.

**ORDER:**     The director's decision is affirmed. The application is denied.

7/31/2009/I/AAOWGP01/A94932588.I485cuban

---

[1] The director's reference to section 245(a) of the Act was in error, as the applicant is seeking to adjust his status under section of the CAA.

# EXHIBIT "B"

# AFFIDAVIT

I, Jaesa McLin, do hereby certify that the following statement is true and correct under penalty of perjury:

On January 31, 2011, I received a phone call from FBI Agent Steve Rice. He informed me that the INTERPOL warrant against Elioney Cobas was canceled in June 2010 by Havana, Cuba. He said he could not disseminate this information to us but that CIS should have some mechanism of checking into it to see that the warrant has been canceled. Thereafter, on March 16, 2011, I was informed by the Department of Homeland Security Assistant Chief Counsel Njeri Maldonado that their system showed that the warrant was still active. I then called FBI Agent Steve Rice again on March 18, 2011 to check the status of the warrant and he again assured me that according to the FBI database, that the warrant had been cancelled.

_Jaesa McLin_     4/30/13

MAX J. KOECK IV
ATTORNEY AT LAW & NOTARY PUBLIC
LOUISIANA BAR ROLL NO. 33224
NOTARY ID NO. 91017
ST. JOHN THE BAPTIST PARISH, LOUISIANA
STATEWIDE JURISDICTION
LIFETIME COMMISSION

Sworn to and subscribed before me
this ___ day of _____ 20__

_____
Notary Public

# EXHIBIT "C"

TECS II - PERSON SUBJECT DISPLAY (1 OF 4)    050509
15:16

TID= (b)(6), (b)(7)c
TECS RECORD ID (b)(7)e         ARMED & DANGEROUS   ENTRY (b)(7)c UPDATE (b)(7)e
NAME- LAST COBAS TERRY                        PHYSICAL IDENTIFIERS
FIRST ELIONEY      MID           HISPANIC U RACE U SEX M HAIR BK EYES
       IMAGE         ALIAS M NICKNAME    STC    HT 000 000 WT 000 000 ENGLSH
                                                S/M/T                 MORE
PERSONAL-
  DOB 09201983   POB- CNTRY CU ST    CITY SANTIAGO DE CUBA       CTZN CU MORE
  SSN             MORE  AFN       MORE  RES                               MORE
  PPN                  TYPE    CNTRY    ISSDT     EXPDT                    MORE
ADDRESS- DATE        STREET                           APT
  CITY                            STATE   CNTRY   ZIP    TYPE             MORE
CONTACT- INTERPOL                          PHONE        2026163900
  OWNER       (b)(6), (b)(7)c        CASE NBR 20070508367              MORE
PRIMARY 1  ARMED & DANGEROUS         START 05052007 STOP 05042012 QRY NTFY 1
  STATUS (b)(7)d        INTERPOL     NOFLY N SLCTE N CAT
REMARKS-  DATE 050507                                              MORE M
  (b)(7)d

SUB-REC  3.  PF13 FOR FIRST SUB-RECORD

  (b)(7)e
* (b)(7)e

(b)(6), (b)(7)c, (b)(7)c, (b)(7)d, (b)(7)e

# EXHIBIT "D"



**U.S. Immigration
and Customs
Enforcement**

April 7, 2013

Riguer Silva, Esq.
Law Offices
2313 Florida Ave.
Kenner, LA 70065

RE: OPLA13-713, 2012FOIA15247

Dear Mr. Silva:

This is in response to your letter, dated September 6, 2012, and received on January 9, 2013, appealing U.S. Immigration and Customs Enforcement's (ICE) response to your Freedom of Information Act/Privacy Act (FOIA/PA) request. Your FOIA/PA request to U.S. Citizenship and Immigration Services (USCIS) asked for records regarding your client, Elioney Cobas.

U.S. Citizenship and Immigration Services (USCIS) referred 57 pages of documents to the ICE FOIA Office that fall within the purview of ICE. After review of the documents, the ICE FOIA Office determined to release 8 pages in their entirety. The ICE FOIA Office withheld portions of that 47 pages pursuant to FOIA Exemptions 3, (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) as well as Exemption (k)(2) of the Privacy Act. Additionally, two (2) pages were withheld in their entirety pursuant to Exemption (k)(2) the Privacy Act and Exemptions 5, 6, 7(C), and 7(E). You have appealed the withholding applied to these records document.

As was explained in the ICE FOIA Office's letter dated August 27, 2012, ICE has applied FOIA Exemptions (b)(6) and (b)(7)(C) to protect from disclosure the names, email addresses and phone numbers of DHS employees, third parties, and other identifying information to prevent an unwarranted invasion of privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in the disclosure of the information. Please understand that any private interest you or your client may have in that information cannot factor into this determination. ICE has applied FOIA Exemption 3 on behalf of the DHS/TSA to protect from disclosure Sensitive Security Information (SSI). Additionally, ICE has applied FOIA Exemption 5 to protect from disclosure portions of intra-agency documents containing attorney work-product in prepared in anticipation of litigation, as well as internal pre-decisional recommendations of agency employees. Finally, ICE has applied FOIA Exemption (b)(7)(E) to protect from disclosure investigative techniques and procedures, such as internal agency secure URL addresses and internal agency law enforcement investigative case numbers, identification numbers, database codes and techniques which are not well known to the public.

Upon a complete review of the information withheld in the initial determination on your FOIA/PA request, the withholding of this information was proper in all respects, and the information is exempt from disclosure under the applicable provisions of 5 U.S.C. § 552 cited above.

This decision is the final action of U.S. Immigration and Customs Enforcement concerning your FOIA/PA request. Inasmuch as you consider this to be a denial of your appeal, you may obtain judicial review of this decision pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B) in the United States District Court in the district in which you reside, or in which the agency records are situated, or in the District of Columbia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Should you have any questions regarding this appeal closure, please contact ICE at ice-foia@dhs.gov. In the subject line of the email please include the word "appeal", your appeal number, which is OPLA13-713, and the FOIA case number, which is 2012FOIA15247.

Sincerely,

Grace Cheng
Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
Department of Homeland Security

Case 3:13-cv-00361-SDD-RLB   Document 1   06/05/13   Page 17 of 22




**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

MAR -7 2013

Riguer Silva, Esq.
Suite C
2nd Floor
3213 Florida Avenue
Kenner, LA 70065

Re:   Appeal No. AP-2012-03329
Request No. 2012-112
MTC:KRP

Dear Mr. Silva:

You appealed on behalf of your client, Elioney Cobas, from the action of INTERPOL/United States National Central Bureau on records referred to it by the U.S. Citizenship and Immigration Services pursuant to your client's request for access to records concerning himself. I note that you have limited your appeal to certain information withheld regarding the status of a warrant.

After carefully considering your appeal, I am affirming INTERPOL/U.S. National Central Bureau's action on the records referred to it. In order to provide your client with the greatest possible access to responsive records, your client's request was reviewed under both the Privacy Act of 1974 and the Freedom of Information Act. This Office has determined that records responsive to your client's request are exempt from the access provision of the Privacy Act. See 5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.103 (2012). For this reason, your appeal has been reviewed under the FOIA.

The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. INTERPOL/U.S. National Central Bureau properly withheld certain information because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(D). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the actions of INTERPOL/U.S. National Central Bureau in response to the records referred to it pursuant to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff

By:

Anne D. Work
Senior Counsel
Administrative Appeals Staff



August 27, 2012

Jaesa W. Mclin
3213 Florida Ave, Suite C
Kenner, LA 70065

**RE:** **ICE FOIA Case Number 2012FOIA15247**
**USCIS FOIA Case Number NRC2011095324**

Dear Ms. Mclin:

This is the final response to your Freedom of Information Act (FOIA) request to U.S. Citizenship and Immigration Services (USCIS), dated September 23, 2011. You are seeking records pertaining to Elioney Cobas.

A search of USCIS for records responsive to your request produced 57 pages of documents that originated from U.S. Immigration and Customs Enforcement (ICE). USCIS referred these documents to ICE for review and processing under the FOIA.

To provide you with the greatest degree of access authorized by law, we have considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

After a review of the records referred to ICE by USCIS, I have determined that 8 pages will be released in their entirety. Portions of 47 pages will be withheld pursuant to Exemption (k)(2) of the Privacy Act and Exemptions 3, 5, 6, 7(C), and 7(E) of the FOIA as described below. Two pages will be withheld in their entirety pursuant to Exemption (k)(2) of the Privacy Act and Exemptions 5, 6, 7(C), and 7(E) of the FOIA as described below.

**Privacy Act Exemption (k)(2)** exempts from mandatory disclosure investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

ICE has applied FOIA Exemption 3 on behalf of the Transportation Security Administration to protect from disclosure Sensitive Security Information (SSI).

**FOIA Exemption 3** protects information specifically exempted from disclosure by another statute, if the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld.

ICE has applied FOIA Exemption 5 to protect from disclosure the internal deliberative recommendations of an agency employee.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, phone numbers, and addresses of DHS employees and third parties contained within the documents compiled for law enforcement purposes.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE applied FOIA Exemption 7(E) to protect from disclosure internal agency secure URL addresses and internal agency law enforcement investigative case numbers, identification numbers, database codes and techniques.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

You have the right to appeal ICE's withholding determination. Should you wish to do so, send your appeal and a copy of this letter to: U.S. Immigration Customs Enforcement, Office of Principal Legal Advisor, U.S. Department of Homeland Security, Freedom of Information Office, 500 12th Street, S.W., Stop 5009 Washington, D.C. 20536-5009, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9. Your appeal must be received within 60 days of the date of this letter. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of the FOIA and Privacy Act allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge.[3]

If you need to contact our office about this matter, please refer to FOIA case number **2012FOIA15247**. This office can be reached at (202) 732-0600 or (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 57 pages (CD)

---

[3] 6 CFR § 5.11(d)(4).